IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DECABOOTER WILLIAMS, | ) | |
| Petitioner, | ) | 8:17CV187 |
| v. | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

I have conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claim made by Petitioner is, when liberally construed, potentially cognizable in federal court. I apply Rule 4 of the Rules Governing § 2254 Cases. Williams raises a claim of ineffective assistance of trial, appellate and post-conviction counsel.

In *Williams v. Britten*, No. 8:12CV163 (D. Neb., September 27, 2012) (filing no. 12), Judge Smith Camp granted summary judgment in favor of the Respondent, denied Williams' motion to stay, and dismissed that matter with prejudice.[1] In that case, Petitioner raised claims of ineffective assistance of trial counsel, appellate counsel and post-conviction counsel. (Filing no. 3.[2]) The judge dismissed the case with prejudice because the statute of limitations had run against Petitioner and there was no excuse for the untimely filing. No appeal was taken.

Therefore, this matter will be dismissed with prejudice. The claim presented here–ineffective assistance of trial, appellate and post-conviction counsel–was previously and unsuccessfully presented to Judge Smith Camp. "A claim *presented* in

---

[1] *See also State v. Williams*, 889 N.W.2d 99 (Neb. 2017) (directing the state district court to dismiss a second post-conviction action).

[2] The claim of ineffective assistance of post-conviction counsel was dismissed upon initial review.

a second or successive habeas corpus application under section 2254 that was *presented* in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1). (Emphasis added.) See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed.)

Even if Petitioner could somehow avoid the bar of § 2244 (b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444 (b)(2) & (3)(A). He has not done so, and this matter must be dismissed on that basis as well. Burton v. Stewart, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition (filing no. 1) is dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be issued.

DATED this 8th day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge